### 6863

#### FEASTER v. KENDALL.

Title—Resulting Trust—Accounting.—The evidence here is not suffi-
ciently clear to establish in plaintiff an equitable title to land, or a
resulting trust in defendant in his favor; but it only shows that
plaintiff has performed services and paid money for the benefit of
defendant for which he has received no equivalent, and accounting
was properly ordered.

Before MEMMINGER, J., Richland, December, 1906. Affirmed.

Action by J. G. Feaster against F. D. Kendall. From judgment on Circuit, plaintiff appeals.

*Mr. Jno. T. Duncan,* for appellant, cites: *Possession and payment of purchase money takes case out of statute of frauds:* 59 S. C., 356; 26 S. C., 251. *Statute must be pleaded:* 20 Ency. P. & P., 468; 23 Ill., 39; 52 N. Y., 638; 5 Wend., 630; 9 Ency. P. & P., 711, 715, 717. *Equity will set aside fraudulent deed:* 13 S. C., 449; 5 Ency. P. & P., 398; 9 Id., 704. *Court may direct costs in equity case:* 26 S. C., 321.

*Mr. Hunter A. Gibbes,* contra, cites: *The evidence does not establish a resulting trust in favor of plaintiff:* 19 S. C., 126; 4 Kent., 305; 17 Wall., 59; 4 DeS., 516; 20 S. C., 418; 21 S. C., 491; 23 S. C., 251; 27 S. C., 368; 30 S. C., 151;

31 S. C., 73; 46 S. C., 196; 51 S. C., 38; 52 S. C., 391; 56 S. C., 213; 75 S. C., 245; 6 S. C., 102; 9 L. R. A., 291; 1 P. Wm., 618; Pom. Eq. Jur., Secs. 1055-6; 31 S. C., 60; 30 S. C., 35; 1 Rich. Eq., 98; 3 Rich. Eq., 424; 15 Ency., 950; 17 Ency., 997. *To declare a resulting trust under evidence here would be in violation of statute of frauds:* Code 1902, 2652; 21 S. C., 492; 25 S. C., 506; 7 Rich. Eq., 378; 13 Rich. Eq., 250; 27 S. C., 363; 5 Rich. Eq., 170; 21 S. C., 480. *Richland Drug Co. is purchaser for, value, without notice of claim of Feaster:* 48 S. C., 514; 3 Strob. Eq., 134; 14 S. C., 90.

April 13, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff alleges in his complaint an agreement with the defendant, F. D. Kendall, to buy, "as partners with equal shares therein," several tracts of land of the aggregate area of four thousand two hundred and seventy-seven acres; the taking of the titles in the name of the defendant, F. D. Kendall, and the payment by the plaintiff of one-half of the purchase money. He asks the Court to declare him to be the owner of one-half interest in the land, and that it be partitioned between himself and the defendants. The defendants by their answer deny the material allegations of the complaint. The cause was tried by Judge Memminger, who filed a decree in which he held the plaintiff had entirely failed to prove any equitable title to the land or resulting trust in his favor, but ordered an accounting between the plaintiff and the defendant F. D. Kendall, as to the various transactions between them relating to the land. From this decree the plaintiff appeals.

The rule of law is familiar that to establish an equitable title or a resulting trust against one holding the legal title the evidence must be clear and convincing.. *Catoe* v. *Catoe,* 32 S. C., 595, 10 S. E., 1078; *McMillan* v. *McMillan,* 77 S. C., 511; *Bell* v. *Edwards,* 78 S. C., 490.

The evidence in this case is very far from clear and convincing. Indeed, careful examination of the parol evidence and the numerous letters and other exhibits introduced has no other effect than to produce the impression that F. D. Kendall has received money and service from Feaster for which he has given no equivalent, but to leave the mind in a state of complete perplexity as to the relation of Feaster to the land, and as to the value of the service rendered and the amount of money paid by Feaster to Kendall.

The testimony offered to prove an agreement that Feaster was to own one-half interest in the land, and his payment of one-half of the purchase money, is even more unsatisfactory than that held insufficient to support a similar claim in *McMillan* v. *McMillan, supra.* An analysis of the evidence would serve no useful purpose. It is not such evidence as would warrant the Court in declaring a resulting trust or an equitable title in favor of Feaster. The Circuit Judge did all that could be properly done under the evidence when he ordered an accounting between F. D Kendall and Feaster.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.